

**FILED**

JUL 25 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOI
EASTERN DIVISION**

| | |
|---|---|
| **ELAINE J. LEE, Ed.D.** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **SCOTT NASATIR** | ) |
| And | ) |
| **DAVID BRUSAK** | ) |
| And | ) |
| **CAROLINE PATE-HEFRY** | ) |
| And | ) |
| **DAVID NEGRON, Ed.D** | ) |
| | ) |
| Defendants | ) |

**16 CV 7528
JUDGE SHADUR
MAGISTRATE JUDGE COX**

<u>**JURY TRIAL DEMAND**</u>

Elaine J. Lee, Ed.D (hereinafter "Plaintiff") alleges the following upon information and
belief against the Defendants.

**I.    NATURE OF THE CLAIM**

1.    This is an action brought against Defendants acting individually and in a
concerted manner to remedy a practice of workplace discrimination for persons similarly
situated on the basis of race secured to Plaintiff under Title VII in violation of Section 707(a) of
Title VII.

2.    This action also seeks declaratory and injunctive relief, and to redress the past
depravations of rights secured to Plaintiff under Title VII since her tenure as school psychologist
for school district 89 Melrose Park IIL.

**II.    JURISDICTION AND VENUE**

3.    This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1336, 1343. This
action is authorized and instituted pursuant to Section 707(a) of Title VII of the Civil Rights Act
of 1964, as amended, 42 US.C. Sec. 2000e-6("Section 707).

4.      Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b). Plaintiff has been at all times relevant herein a resident of Montgomery Illinois, County of Cook, State of Illinois and in this District.

5.      The alleged unlawful workplace practices were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

III.    **EXHAUSTON OF ADMINISTRATIVE REQUIREMENT**

6.      Plaintiff has fulfilled all administrative prerequisites necessary to maintain this action.

7.      On December 3, 2015, Plaintiff Lee filed a timely charge of workplace discrimination with the Equal Employment Opportunity Commission ("EEOC) charging School District 89-Maywood/Melrose Park/Broadview with racially motivated workplace discrimination against her, A true and accurate copy of Plaintiff Lee's EEOC complaint is attached hereto as Exhibit 1.

8.      On April 31, 2016 Plaintiff Lee received notification of right to sue from EEOC. A true and accurate copy of Dr. Lee right to sue notice is attached as Exhibit 2.

IV.     **PARTIES**

A.      **Plaintiff**

9.      Plaintiff Elaine Lee, Ed.D. is currently employed by the Melrose Park School District 89, Melrose Park, IL as a school psychologist for the past 12 years.  She is and was at all times relevant herein a resident of Montgomery IL., Cook County, and the State of Illinois.

B.      **Defendants**

10.     Defendant Scott Nasatir is and for all times relevant herein Assistant Director of Student Support Services, Melrose Park School District 89.

11.     Defendant David Brusak is and for all times relevant herein Assistant Superintendent of Human Resources, Melrose Park School District 89.

12.     Defendant Caroline Pate-Hefty is and for all times relevant herein Director of Student Support Services, Melrose Park School District 89.

13.     Defendant David Negron Ed.D. is and for all times relevant herein Superintendent of Schools, which included Melrose Park School District 89. In this capacity he is totally responsible for all actions of his employees under doctrine of respondent superior.

V.     **STATEMENT OF THE FACTS**

14.     Plaintiff's duties which were unique during the period of tenure as school psychologist 2004-present consisted of the following.

15.     Plaintiff trained District 89 staff and PAEC cooperative staff on the Toni Linder Play Based Assessment for preschool children. Plaintiff brought from my own finances guides and books; developed the program as far as how it should be conducted and how test results should be recorded and reported, arranged for others to receive training, setup the google documents account for all assessments(prior to this point no one knew how to do this). Plaintiff ordered the thematic play sets, and therapeutic toys, trikes, kitchen play furniture. costumes, dolls , dollhouses, puppets, toys, bikes, manipulative, occupational and physical therapy materials and equipment, and other toys.

16.     Plaintiff also trained the preschool teachers and administration on how to assess and use standardized scoring for district screenings. <u>No other psychologist did this because I was the early childhood psychologist.</u>

17     Plaintiff not only service children in preschool who attended district 89 preschool programs, Plaintiff also evaluated preschool children who attended private and other community based preschool programs and traveled to those sites for observation and teacher interviews. This increased the caseload to include children from non-district sites because their homes were within district boundaries.

18.     Plaintiff in addition, to servicing as the district preschool (Early Childhood Education-ECE) psychologist, Plaintiff was a regularly assigned school psychologist to two elementary schools that kindergarten through 5th grade children. <u>Many of the K-5 children were evaluated for special education because of referrals for initial testing is high in the primary grades. It is noted that no student was left for the following school year to be assessed. All</u>

children that were requested to be tested for special education services, Plaintiff tested and completed their evaluations before the following year.

19.     Plaintiff was the only psychologist serving two (2) schools and serving the pre-school population in and out of district 89. Plaintiff was completely exhausted and lacked stamina due to her heavy caseload.  Plaintiff states that on one (1) occasion she took seven (7) day off from work because she completely exhausted.

20.     In the fall of 2015 school year, Plaintiff was given against her request, the heaviest workload in district 89.

21.     On May 8, 2015, a meeting was held by Defendant Nasatir informing Plaintiff, and four (4) other psychologists in attendance that he and Defendant Pate-Hefty "had come up with the school assignments for the coming year." Defendant Pate-Hefty did not attend the meeting.

22.     Plaintiff's assignment in the coming 2015 fall year was for both middle schools as the only school psychologist.

23.     Plaintiff stated to Defendant Nasatir that it would be too many student for one psychologist.

24.     Defendant Nasatir responded to all in attendance that "it will only be about 1,600 at Stevenson and most of them are three year evaluations, and at Irving it is about 600, and there will not be any initial testing". "I don't see how that can be a lot". "Most of the initial evaluations which take the most time are completed by the time student get to middle school". He further stated that "Plaintiff did have anything to worry about (as he chuckled) and the workload will be light because it will be middle schools."

25.     Plaintiff disagreed with Defendant Nasatir assessment of her assignment for the coming fall year, and stated that the amount of testing cannot be determined because there are students who were not tested prior to middle school because of different reasons including some who may not have been completed on time prior to entering middle school.

26.     Plaintiff further stated that her assignment seemed dis-appropriate since she would have the heaviest caseload compared to other school psychologist in District 89, who were still present hearing the argument between the parties. Defendant Nasatir stated he

would address Plaintiff 's concerns later because he felt Plaintiff had become too emotional". Plaintiff stated she was not emotional rather she disagreed with his assessment because of the unequal assignment and that everyone else seemed to have been assigned what they wanted and this left Plaintiff with the heaviest caseload. Defendant Nasatir turned his attention to other unrelated matters.

27.    Later, both parties met in Defendant's office, where Defendant Nasatir mistakenly stated that he thought Plaintiff wanted a heavier caseload

28.    Plaintiff stated that she never requested a heavier caseload, but did request a change in assignment since the heavy caseload for the past three (3) years had taken a personal toil on her health causing her to be placed under a doctor's care for an inability to maintain stamina and being totally exhausted. Plaintiff has never been absent from her employment as many consecutive days in her 11 years as an employee of district 89.

29.    Plaintiff stated she was fearful as an African-American to jeopardize her position by requesting a review of her caseload since another black psychologist who requested lighter caseload or help with his cases was immediately terminated.

30.    Plaintiff expressed to Defendant Nasatir that she felt discriminated against because she was black and like the other psychologist was given a huge caseload as compared to the same positioned peers. Plaintiff Nasatir stated "that he understood about oppression because he was a Jew". He further stated that "he would speak again to Defendant Pate-Hefty".

31.    It should be noted that the National Association of School Psychologists recommends a workload of 1,000 students per psychologist, which obviously Defendant Negron Ed.D. choose to ignore.

32    It should be noted Plaintiff's caseload responsibilities that were done solely by her in previous years are now divided between psychologists. However, in this respect Plaintiff's current assigned caseload has increase.

33.    Several prime examples of rampant workplace discrimination within Melrose Park School District 89 are (1) Wayne Wagner; white male was given a salary raise this year despite having a lesser workload and serves only one (1) school. Eleanor Shepard, a white

female was provided another (white female) psychologist to split the caseload, which Plaintiff previously did as the sole psychologist to reduce their workload.

34. Plaintiff states documents definitively show the student enrollment figures from District 89 middle schools where she is assigned from last year's enrollment  was at 1,659(Stevenson and Irving). Defendant Nasatir stated in the previously meeting that this year's projected enrollment would be 1,600 for Sevenson and 600+ for Irving.

35. Plaintiff further states, in addition there are students who move into the district with requests for assessments and have been approved to be assessed by the school psychologist.

36. The national guidelines show that my workload is clearly the work for more than one psychologist.

37. Plaintiff's inter-office correspondences to Defendant Pate-Hefty regarding workplace discrimination appear to have fallen on unsympathetic and callous ears.

38 Plaintiff's evaluations throughout her tenure as a school psychologist are superior as follows: Proficient (1) year; Excellent (2) years and Superior over 8 years, which attest to the fact she is a very capable and diligent school psychologist.

**VI.   PRAYER FOR RELIEF**

39. Plaintiff re-alleges paragraphs one (1) through (38) thirty-eight of this complaint as if fully set forth here.

40. Plaintiff respectfully requests the Court to:

**Declare** that Defendants violated Plaintiff's rights under Section 707(a) of Title VII of the Civil Rights Act of 1964 as amended and 42 US.C. Section 2000e-6(Section 707) by instituting a pattern of racial discrimination practices in the workplace.

41. **Order** Defendants to cease their practice and pattern of racial discrimination against Plaintiff in the workplace for persons similarly situated within Melrose Park School District 89.

42. **Grant** any other relief this Court deems proper and just.

Respectfully submitted,

Elaine J. Lee, Ed.D

July 25, 2016

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2016-00992 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Elaine J. Lee** | **(630) 338-7985** | **11-27-1953** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2712 Savory Lane, Montgomery, IL 60538** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **SCHOOL DISTRICT 89- MAYWOOD/MELROSE PARK/BROADVIEW** | **500 or More** | **(708) 450-2460** |

| Street Address | City, State and ZIP Code |
|---|---|
| **906 Walton, Melrose Park, IL 60160** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | Earliest        Latest |
| ☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION | **12-03-2015** |
| ☐ OTHER *(Specify)* | ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired by the Respondent in or around September 2004. My current position is School Psychologist. During my employment, I have been subjected to different assignments than my non-Black colleagues in that I am given a heavier workload. I have complained to no avail.**

**I believe that I am being discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

RECEIVED EEOC

DEC 03 2015

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Dec 03, 2015**    *Elaine Lee*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |