**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted December 12, 2016[*]
Decided December 13, 2016



**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3237

| | |
|---|---|
| ELAINE J. LEE,<br>　　*Plaintiff-Appellant*, | Appeal from the United States<br>District Court for the Northern District<br>of Illinois, Eastern Division. |
| *v.* | |
| | No. 16 C 7528 |
| SCOTT NASATIR, et al.,<br>　　*Defendants-Appellees*. | Milton I. Shadur,<br>*Judge*. |

**O R D E R**

　　Elaine Lee, a school psychologist, claims in this suit under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e–2, that because she is African American she is given more work than her white peers. (Lee's pro se complaint identifies as defendants four employees of School District 89 in suburban Cook County, Illinois, but under Title VII only the school district, not an individual employee, is amenable to suit.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have unanimously agreed to decide the case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

*See Passananti v. Cook Cnty.*, 689 F.3d 655, 677 (7th Cir. 2012); *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 772 n.7 (7th Cir. 2006).) After Lee filed her complaint on July 25, 2016, the district court—sua sponte—ordered her to submit a copy of the right-to-sue letter she had received from the Equal Employment Opportunity Commission. When Lee complied, the district court—again sua sponte—dismissed the action as untimely. The court reasoned that, because the EEOC's letter is dated March 31, 2016, Lee had missed the 90-day deadline for filing suit after receipt of a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1) (authorizing aggrieved party to file civil action within 90 days after notification that EEOC has dismissed administrative charge of discrimination); *DeTata v. Rollprint Packaging Prods. Inc.*, 632 F.3d 962, 967–68 (7th Cir. 2011) (explaining that Title VII plaintiff risks dismissal if complaint is not filed within 90 days of receiving right-to-sue letter).

Noncompliance with Title VII's statute of limitations is an affirmative defense, not a jurisdictional impediment, *DeTata*, 632 F.3d at 970; *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007). A district court can dismiss defective claims sua sponte, but ordinarily the judge should give the plaintiff an opportunity to respond to the perceived defect. *See Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005); *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835, 836 (7th Cir. 1996). In her notice of appeal, however, Lee has conceded that she missed the deadline, so there is no harm in the court's dismissal. And in her appellate brief Lee does not challenge the district court's conclusion that her lawsuit was untimely. Instead she argues that the EEOC acted unlawfully in dismissing her administrative charge of discrimination. Lee's disagreement with the EEOC's decision is not a valid ground for relief. And because she does not contend that the district court misunderstood or misapplied the time limit in Title VII, we have no basis to overturn the dismissal of her lawsuit. Accordingly, the judgment is

AFFIRMED.